[Civ. No. 2700. Second Appellate District, Division One.—February 6, 1920.]

## WILLIAM MITCHELL, Administrator, etc., Appellant, v. ROBERT MITCHELL, Respondent.

[1] ESTATES OF DECEASED PERSONS—ACTION BY ADMINISTRATOR TO COLLECT LOAN—LIMITATION OF CROSS-EXAMINATION—NOT REVERSIBLE ERROR.—Conceding that the court in an action to collect money alleged to have been loaned by a decedent to her son and not paid back should adopt a very liberal policy toward the plaintiff in allowing broad scope to the cross-examination in order to better determine the credibility of defendant's witnesses, error in that regard is not sufficient to warrant a reversal of the judgment in favor of the defendant.

[2] ID.—ATTEMPT OF DECEDENT TO BORROW MONEY—EVIDENCE OF INADMISSIBLE TO REBUT DEFENDANT'S EVIDENCE OF PAYMENT.—In such action, evidence that at the time the defendant claimed he

repaid the loan to the decedent the latter borrowed money from another is inadmissible to rebut the evidence of the defendant as to the repayment of the loan.

[3] ID.—ADVERSE JUDGMENT—FINDING THAT SUIT NOT JUSTIFIED IMMATERIAL.—In an action by an administrator to collect money alleged to have been loaned by the decedent to the defendant and not paid back, a finding "that this action was commenced and prosecuted without just cause" is surplusage and immaterial.

[4] ID.—DUTY OF ADMINISTRATOR TO COLLECT ASSETS AND TO SUE.— It is the duty of an administrator of an estate to collect all of the assets thereof, and if such administrator has reason to believe that there is money owing which has not been paid, it is his duty to sue therefor.

APPEAL from a judgment of the Superior Court of Los Angeles County. Fred H. Taft, Judge. Affirmed.

The facts are stated in the opinion of the court.

Jensen & Jensen for Appellant.

George H. Moore and Raymond E. Hoyt for Respondent.

JAMES, J.—Appeal from a judgment entered in favor of defendant. The action was brought to recover the principal sum of $750, which was alleged in the complaint to have been loaned by decedent, Elizabeth S. Mitchell, to the defendant. The answer admitted the making of the loan and affirmatively alleged the repayment thereof. At the trial defendant testified that at the time of receiving the money from decedent, who was his mother, he gave her his promissory note for $750, payable two years after date and payable in installments of twenty dollars per month; that in September, 1915, there then being due about the sum of three hundred dollars of the principal, his mother, stating that she then needed the money, requested him to discharge the debt, offering to waive certain interest amounts if payment was made; that not having the money at hand he (defendant) borrowed from Lena R. Brackett the three hundred dollars, which was delivered to his wife for the purpose of paying the debt. The wife testified that she de-

livered the money to decedent and that decedent returned to her the promissory note and directed her to burn it. Lena Brackett testified that she made the loan to defendant as narrated by him, and that she was present when the money was delivered to the mother and saw the note handed by the mother to defendant's wife, and heard the direction by decedent to destroy the same and saw the note destroyed. The testimony offered by the plaintiff was not directly contradictory of the fact of repayment, as asserted by the defendant. There was some testimony to the effect that at about the time defendant claimed to have repaid the loan his mother had stated to others that she was in need of money and that near the time of her death she stated to another witness that the interest had not been paid on her note, apparently referring to the note given by the defendant. It must appear from this statement of the testimony that there was ample evidence to sustain the judgment of the court.

Counsel for appellant complain that the court erred in limiting the cross-examination of the witness Brackett; also the cross-examination of the wife of defendant. [1] Conceding that the court should have adopted a very liberal policy toward the plaintiff in allowing broader scope to the cross-examination in order to better determine the credibility of the witnesses, we are not prepared to hold that the error in that regard would be sufficient to warrant a reversal of the judgment. [2] We do not think the court erred in its ruling refusing to allow another witness to answer a question as to whether decedent had borrowed any money from him within six months prior to her decease. It would have been, no doubt, competent for the plaintiff to have shown, if he could, that at the time it was claimed the payment of three hundred dollars was made to decedent by the defendant she in fact had no money; but we do not believe that the offered testimony of her desire to borrow money from others at the same time would be sufficient or competent proof in support of such a claim. We do find that one of these witnesses was allowed to testify that decedent was at about that time without funds and that she had on many occasions stated that she was without money. The fact that she had requested a loan from the witness could add nothing to the weight of those statements. Neither do we think that the court erred in refusing to allow to

be shown by another witness that the bank deposit which the decedent had late in September was composed only of funds received from the sale of certain real property. [3] Counsel for appellant complain because the court concluded its findings with the statement "that this action was commenced and prosecuted without just cause." Of course, this statement had no relevancy to the issues presented and was in no particular a determination of any of the rights of the parties. The chief cause of complaint as to this matter seems to be that appellant resents the imputation that he prosecuted his action without ground therefor. [4] It is the duty of an administrator of an estate to collect all of the assets thereof, and if such administrator has reason to believe that there is money owing which has not been paid, it is his duty to sue therefor. As we have noted, however, the phrase objected to in the findings is surplusage and immaterial.

The judgment is affirmed.

Conrey, P. J., and Shaw, J., concurred.